UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

CHAVIE MOSTER, *and all others
similarly situated pursuant to
29 U.S.C. §216(b)*,

                Plaintiff,

vs.

UNICO INTERNATIONAL TRADING
CORP., *a Florida corporation*, and AVI
TANSMAN, *an individual*,

                Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT

CHAVIE MOSTER ("Plaintiff"), individually and on behalf of others similarly situated, sues UNICO INTERNATIONAL TRADING CORP. ("Corporate Defendant") and AVI TANSMAN (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Plaintiff seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants operate their business in this District, and Plaintiff was employed in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, sui juris, and is a resident of this State.

6. Corporate Defendant is a corporation existing under the laws of the Florida.

7. Corporate Defendant is in the business of manufacturing/distributing/selling wipes, and is located at 5499 N. Federal Hwy., Ste. P, Boca Raton, FL 33487, which is in this District.

8. On information and belief, Individual Defendant is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14.     At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA. During her employment, Plaintiff worked on marketing for the Corporate Defendant, including product packaging, social media pages, and social media posts.

15.     Plaintiff's work duties were not of a kind to which any exemption to overtime requirements apply.

16.     Plaintiff worked for the Defendants from January 28, 2022, through and including August 31, 2022.

17.     Plaintiff worked 5 days a week from the office, from approximately 9 a.m. (or earlier) until approximately 6:00-6:30 p.m. Plaintiff was also encouraged to use her laptop to work in the evenings and on the weekends, and as such, she would do so regularly.

18.     Plaintiff worked approximately 50-55 hours per week, on average.

19.     Plaintiff was paid for 86.6 hours of work every two weeks at $28.85 per hour, with no overtime premium paid for hours over 40 in any workweek, and nothing paid for hours worked in excess of 86.6 hours bi-weekly.

20.     Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant business.

21.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA.

## FLSA COLLECTIVE ACTION CLAIMS

22. Plaintiff brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

23. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

24. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

25. Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1-24 above, as though fully set forth herein.

26. 29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

27. Defendants' failure to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated

damages in an amount equal to double the unpaid time and a half that is due and owing. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

28. Further, upon information and belief, Defendants have employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Florida and Federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

**SECOND CAUSE OF ACTION**
**(Violation of the Minimum Wage Provisions of the FLSA)**

29. Plaintiff re-avers and re-alleges the allegations set forth in Paragraphs 1-24 above, as though fully set forth herein.

30. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

31. Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

32. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

33. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

34. Defendants failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly for every hour worked, in violation of 29 U.S.C. § 206(a).

35. Defendants' failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

36. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

g) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

h) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

December __, 2022

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:     (954) 745-0588

By: __/s/ Nolan Klein_____
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, **CHAVIE MOSTER**, am currently or was formerly employed by UNICO INTERNATIONAL TRADING CORP. and/or related persons or entities. The allegations set forth in this Complaint have been reviewed by me and are true and correct to the best of my knowledge, information, and belief. I have consented to be a plaintiff in the above-captioned action to collect unpaid wages and other damages.

Date  12/11/2022  , 2022.

*[DocuSigned by: Chavie Moster, F0B94605A2794B3...]*

**CHAVIE MOSTER**