**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 9:22-cv-81917- DMM**

CHAVIE MOSTER, *and all others
similarly situated pursuant to
29 U.S.C. §216(b)*,

                    Plaintiff,

vs.

UNICO INTERNATIONAL TRADING
CORP., *a Florida corporation*, and AVI
TANSMAN, *an individual*,

                    Defendants,
_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT
AND TO DISMISS CASE WITH PREJUDICE**

Plaintiff CHAVIE MOSTER ("Plaintiff") and Defendants, UNICO INTERNATIONAL TRADING CORP., and AVI TANSMAN ("Defendants"), file this Joint Motion to approve the Parties' settlement agreement and to dismiss this case with prejudice and state as follows:

**I.     FACTS**

The parties to this case have entered an agreement giving Plaintiff *all* of her alleged unpaid overtime, plus reasonable attorney's fees and costs incurred to date. It is respectfully requested that this Court now approve the settlement.

On December 13, 2022, Plaintiff filed her Complaint in the instant action. *D.E. 1*. In the Complaint, Plaintiff asserts claims against Defendants for failure to pay overtime wages and minimum wages in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"). The parties engaged in early and productive settlement communication, during which Plaintiff calculated that the total owed to her in unpaid wages was $3,200.00. Defendant disagreed that anything was owed, disagreed that Plaintiff worked any overtime, and asserted that even if

she did, Plaintiff was exempt because she was a creative professional. Nevertheless, recognizing the existence of a *bona fide* dispute, and also desirous of an agreement for Plaintiff to tender certain intellectual property to Defendants and to further provide Defendants with assurances as to the confidentiality of proprietary business information, it was agreed that Defendants would pay the amount that Plaintiff claims to be owed, plus reasonable fees and costs in a negotiated amount (as set forth below).

The Parties have been represented by counsel during the litigation and negotiation process and the Parties agree that the settlement agreed to herein represents a fair and reasonable early resolution of Plaintiff's claims. A written settlement agreement between the Defendants and Plaintiff has been prepared that memorializes the terms of the settlement, which is attached hereto as Exhibit "A." In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek the Court's approval of the settlement reached in this matter and request that the matter be dismissed with prejudice.

## II.  MEMORANDUM OF LAW

Pursuant to Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them…The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Id. at 1352-53.

In accordance with Lynn's Food, the Court reviews the Parties' settlement is to determine if it is a "fair and reasonable resolution of a *bona fide* dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of Plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

*See* Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531, n. 6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist., LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007).

In this case, Plaintiff was employed as a graphic designer for Defendants' company, and her job included designing packaging for Defendants' products. Plaintiff alleged that she was not paid overtime for hours over 40 in a workweek and was not paid minimum wage for certain hours worked. During negotiations between the parties, Plaintiff re-calculated her wages owed to be $3,200.00. Defendants do not acknowledge that there was an underpayment but have agreed to pay the amount Plaintiff alleges herself to be owed, plus reasonable legal fees and costs. As such, the settlement is not a compromise at all, but represents a full recovery to the Plaintiff herein.

As set forth within the settlement agreement attached hereto, Defendants have agreed to pay Plaintiff $3,200, or the full amount she asserts to be unpaid. Defendants have also agreed to pay $5,000.00, representing plaintiff's reasonable attorney's fees and costs incurred to date

3

(which is less than amounts expended, but which Plaintiff's counsel has agreed to accept as full and final payment in this case). The specific fees and costs covered by this payment are as set forth within the loadstar attached as Exhibit "B" and represent time spent from intake through the drafting a filing of this motion.

There is one timekeeper reflected on the attached timesheets. Briefly, Nolan Klein, Esq. was admitted to practice in this District since 2004 and is also admitted in the Middle and Northern Districts of Florida, the Southern, Eastern, Western, and Northern Districts of New York, the Southern and Northern Districts of Texas, and the Eleventh and Second Circuit Courts of Appeal. Mr. Klein has represented clients in almost one thousand (1000) lawsuits, including approximately 850 lawsuits in federal court, and more than 120 FLSA cases. Mr. Klein has appeared on national media as a legal and litigation expert, and has taught several CLE classes, including CLE classes on representing clients in FLSA litigation, and in federal litigation generally. Mr. Klein's time is billed at $450.00 an hour in this case. It is respectfully submitted that the time and hourly rate reflected within the attached timesheets are reasonable in this case.

The settlement reached in this case did not involve coercion, collusion or any undue influence, but was instead agreed upon voluntarily and after due consideration and negotiation. To this end, both Plaintiff and Defendants always have been represented by competent counsel experienced in the litigation of FLSA claims, and the Parties' Agreement represents a reasonable compromise of Plaintiff's claims, including FLSA liability, and the computation of back wages. Furthermore, the attorney's fees and costs being paid by the Defendants under the Parties' settlement are in full satisfaction of all attorney's fees and costs owed to Plaintiff's counsel, were agreed to separately and without regard to the amount paid to the Plaintiff (who is being paid in full), and the Plaintiff has <u>no</u> further obligation to Plaintiff's counsel for any additional attorney's

4

fees or costs. Plaintiff's recovery in this case is total and will not be compromised or diminished by any contract between Plaintiff and her counsel.

### III.    CONCLUSION

Based upon the facts and circumstances of this case, the Parties hereby jointly advise the Court that the amount the Defendants have agreed to pay under the terms of the Parties' Agreements is a fair and reasonable settlement of a *bona fide* dispute. The Parties therefore respectfully submit that the Parties' settlement should be approved by the Court consistent with applicable precedent, including Lynn's Food, 679 F.2d at 1353, with the Court retaining jurisdiction to enforce the Parties' settlement agreement.

WHEREFORE, the Parties respectfully request that the Court enter an Order finding the settlement fair and reasonable, dismissing the case with prejudice, granting such other and further relief as is appropriate, and retaining jurisdiction to enforce the Parties' settlement agreement.

Respectfully submitted this 3rd day of February, 2023.

>LAW OFFICES OF NOLAN KLEIN, P.A.
>*Attorneys for Plaintiff*
>5550 Glades Road, Ste. 500
>Boca Raton, FL 33431
>PH: (954) 745-0588
>
>By: /s/ Nolan Klein
>NOLAN KLEIN, ESQ.
>Florida Bar No. 647977
>klein@nklegal.com
>amy@nklegal.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing instrument was e-filed with the Clerk of the Court using CM/ECF, this **3rd** day of **February,** 2023.

By: _/s/ Nolan Klein_
NOLAN KLEIN, ESQ.
Florida Bar No. 647977

**SERVICE LIST:**

**ELLEN M. LEIBOVITCH, ESQ.**
ASSOULINE & BERLOWE
2385 NW Executive Center Dr., Suite 100
Boca Raton, FL 33431
Ph: (561) 361-6566
eml@assoulineberlowe.com
*Attorneys for Defendants*