UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 22-81917-CV-MIDDLEBROOKS/Matthewman

CHAVIE MOSTER, and all others
similarly situated pursuant to
29 U.S.C. §216(b)

    Plaintiff,

v.

UNICO INTERNATIONAL TRADING
CORP., a Florida corporation, and AVI
TANSMAN, an individual,

    Defendants.
_____/

## ORDER GRANTING IN PART JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE

THIS CAUSE comes before the Court upon the Parties' Joint Motion to Approve FLSA Settlement and to Dismiss Case with Prejudice, filed on February 3, 2023. (DE 7). Having reviewed the Motion and the exhibits attached thereto, including the Agreement, and being otherwise fully advised in the premises, the Motion is granted in part.

Plaintiff initiated this action on December 13, 2022, alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act ("FLSA"). (DE 1). The Parties now advise the Court that they have settled all claims in this action and move for dismissal. When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable

resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355. While the provisions of the Act are mandatory, the Eleventh Circuit has recognized that there may be bona fide disputes as to FLSA coverage and therefore a district court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Id.* at 1354. District courts have broad discretion in reviewing and approving FLSA settlement agreements. *See Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013) (declining to hear an interlocutory appeal seeking clarification of the legal standard to be applied when reviewing FLSA settlement agreements, specifically with respect to non-monetary provisions, deferring to the discretion of district courts).

In exercising that discretion, I decline to approve three provisions of the Settlement Agreement. First, Paragraph 2 (b)-(c) (Consideration From Moster), seeks to have Plaintiff transfer a domain and assign intellectual property to Defendant. This provision is wholly unrelated to Plaintiff's FLSA claim. Allowing Defendant to leverage Plaintiff's FLSA claim to extract such a benefit raises concerns about fairness.[1]

Second, Paragraph 4 (Mutual General Release), is overbroad and not capable of monetary valuation. (*See* DE 7-1 at 3). The general release includes a broad list of potential future claims, known or unknown "from the beginning of the world." Although I recognize that such provisions may be common practice, in FLSA cases the Court is required to "scrutinize[e] the settlement for fairness" and determine whether the settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Foods*, 679 F. 2d at 1353, 1355. Given the breadth of the provision and the attenuation to the FLSA claims at issue in this lawsuit, I cannot approve of that specific provision.

---

[1] To the extent Plaintiff is required to do the same under Paragraph 2(a), I also find it improper.

Third, Paragraph 6 (Mutual Non-Disparagement) (DE 7-1 at 4), is facially improper and has little, if any, relevance to Plaintiff's claims. *See, e.g., Colon v. Garda CL Se., Inc.*, 2015 WL 13812275 at *1 (M.D. Fla. July 21, 2015) (stating that "confidentiality, non-disparagement, [and] non-cooperation . . ." provisions are impermissible).

While the Parties characterize the settlement as a "no compromise" because Plaintiff is obtaining everything claimed, the preceding provisions make it so she would give up something of unknown—and possibly greater—value, aside from dismissing this case with prejudice. Notwithstanding, because I find that the monetary terms and the remainder of the agreement represent a reasonable compromise over contested litigation to resolve bona fide disputes under the FLSA, I will approve of the agreement except for the three aforementioned provisions.

I have also considered the reasonableness of the negotiated attorney's fee of $5,000, a high sum, considering that this case was pending for less than eight weeks and necessitated no substantive legal filings. However, counsel is experienced, and I find that his hourly rate ($450) is justified. Moreover, he adequately accounted for the time spent on this matter. Therefore this aspect of the settlement agreement is also approved.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The Parties' Joint Motion (DE 7) is **GRANTED IN PART**.

(2) The Court **APPROVES IN PART** the Settlement Agreement (DE 7-1). The Court does not approve of the following:

    a. Paragraph 2 (b)-(c), Consideration From Moster;

    b. The broad release in Paragraph 4, Mutual General Release (DE 7-1 at 3); and

    c. Paragraph 6, Mutual Non-Disparagement.

(3) The Court approves the remainder of the Settlement Agreement—including the settlement amount for attorneys' fees and costs—as a fair, adequate, and reasonable settlement of the claims at issue.

(4) This action is **DISMISSED WITH PREJUDICE**.

(5) The Clerk of Court shall **CLOSE THIS CASE**.

(6) Any pending motions are **DENIED AS MOOT**.

**SIGNED** in Chambers at West Palm Beach, Florida, this __9__ day of February, 2023.

Donald M. Middlebrooks
United States District Judge

cc:   Counsel of Record